## DEPARTMENT OF MINES & MINERALS
## v. CASTLE et al.

Court of Appeals of Kentucky.
Feb. 27, 1951.

As Modified on Denial of Rehearing
June 12, 1951.

Craft & Stanfill, Hazard, for appellant.

Wheeler & Wheeler, Paintsville, for appellees.

MILLIKEN, Justice.

Sterling Castle, a man forty-seven years of age, had been a coal miner all his working life until he was employed by the appellant as a mine inspector. On November 12, 1946, while working for the appellant, the appellee was injured when a truck of appellant in which he was riding turned over, resulting in a compound fracture of the appellee's right leg and other injuries. Appellee testified that the break was about two inches above his knee, and as a result his leg is stiff and it is appoximately two inches shorter than the other leg. Because he was unable to do the work he formerly had done, he was requested to resign by the chief of the Department of Mines and Minerals of the State of Kentucky. A

letter from that official was introduced in evidence, which stated in part: "We regret very much your physical inability to do the work of a Department Mine Inspector and we have tried diligently to find work in our Department of such a nature that could be performed by you, but inasmuch as we do not have a sufficient volume of this work and that our mining law requires that you inspect mines, is the reason why this Department reluctantly accepts your resignation."

Mr. Castle was not successful in obtaining work, and so filed this action before the Workmen's Compensation Board. The Board found him permanently, totally disabled from performing manual labor, and granted an award accordingly which was approved by the Circuit Court. Since all of the facts necessary to recovery were stipulated, the only question before us is whether there is sufficient evidence in the record to sustain the award.

Mr. Castle testified in his own behalf to the effect that he had been a strong able-bodied man prior to his injury and that he had not been since that time. After his resignation from the Department of Mines, he applied for work with a coal company and, upon examination by that company's physician, Dr. C. B. Cann, his application was rejected because he was not physically able to do any kind of work in or about a coal mine. Dr. Cann testified: "I found that he had a fracture of the right leg and that it was partly stiff. I mean a fixed position and stiff. He had some motion, slight motion, but not enough for him to get around in the mines, or climb hills or do what he would have to do around the mines. Something where he could sit around he might do, but he couldn't go in the mines. I find he complains and the leg seems to be a little smaller, in fact, I measured it and it was an inch and a half or two inches smaller than the other one, and he complains of suffering attacks of pain at times in this leg and also of numbness and it seemed to be numb at the time, like it was asleep." Dr. Cann further stated that the plaintiff was "hopelessly, helplessly and permanently crippled and disabled for

life," and decided he was totally and permanently disabled from doing this type of work.

Where the Board finds as a matter of fact upon competent evidence that a claimant is permanently and partially disabled, the award must be governed by the sections of the compensation act covering permanent partial disability, that is, Section 342.105 and Section 342.110, as amended. Under the latter section compensation for partial permanent injury to a member cannot exceed the amount allowable for the loss of the member. However, when the Board finds as a matter of fact upon competent evidence that a claimant is permanently and totally disabled it follows that the compensation awarded must be governed by the section of the statute governing awards for permanent total disability, that is 342.095.

As stated by the Workmen's Compensation Board in its full board opinion "in instances where the location of an injury is upon or within a member, but which extends beyond the member so that it adversely affects a workman's general ability to labor, or which limits his occupational opportunities to obtain the kind of work he is able to do, a recovery on the basis of the loss of a member is inadequate, since the disability is greater than the loss of a member and is not simply an injury to a member." KRS 342.095, 342.105, 342.110.

The appellant complains about the Board's refusal to consider the deposition of Dr. Scott of Huntington. At the appellant's request it was given thirty days in which to take the testimony of Dr. Scott, but failed to take his testimony until several days after the expiration of the thirty day period. We believe that the Board was justified in not considering the deposition of Dr. Scott in view of the fact this testimony had not been taken within the time allotted for that purpose. However, that physician agreed with the essential findings of Dr. Cann, but concluded that Mr. Castle had suffered only a 40% permanent partial disability to the lower right leg instead of total permanent disabil-

ity from doing the type of work he had done.

Since there was competent evidence to sustain the Board's findings, the judgment is affirmed.