### PRIDEMORE et al. v. PRIDEMORE et al.

Court of Appeals of Kentucky.

June 20, 1952.

James W. Smith, Middlesboro, for appellants.

Robert J. Watson, Middlesboro, for appellees.

WADDILL, Commissioner.

This appeal questions the correctness of a judgment confirming an award of the Workmen's Compensation Board. Appellants urge that compensation should have been awarded appellee under the provisions of KRS 342.105 and not under KRS 342.-110; and that appellee was erroneously awarded medical benefits under KRS 342.-020.

It is undisputed that appellee sustained an injury to his left leg under circumstances creating liability upon appellant under the provisions of our Workmen's Compensation Act. KRS, Chap. 342. As a result of the injury the Compensation Board found that appellee suffered temporary total disability for a period of 20 weeks, and thereafter sustained partial permanent disability of "10 per cent to the left leg as a whole." The award for partial permanent disability was made under KRS 342.110. The findings of fact by the Board were supported by substantial evidence of probative value.

In cases involving permanent injury to a member of the body we have held that compensation should be awarded under KRS 342.110, but the total compensation awarded should not exceed that provided for the loss of the member as set forth in KRS 342.105. Department of Mines and Minerals v. Castle, Ky., 240 S.W.2d 44; Knott Coal Corporation v. Kelly, 313 Ky. 562, 232 S.W.2d 994. Therefore, no error was committed by the Board in this respect.

The award also provided that appellee recover of appellant "for medical, hospital, and nurses expenses incurred in connection with the treatment of his injury * * *." We find no error in this part of the award as these benefits are specifically provided by KRS 342.020. Appellant, how-

ever, complains that it did not authorize appellee to undergo an operation upon his injured leg and that the charges therefor were unreasonable.

Both of these contentions were considered by the Compensation Board and sufficient reasons were given by the Board in its opinion why appellant cannot be relieved of the payment of the costs of the medical treatment that appellee received.

Judgment affirmed.