Raymond CLARK, DBA Clark Construction
Company, Appellant,

v.

Wintz A. GILLEY et al., Appellees.

Court of Appeals of Kentucky.

March 14, 1958.

James Sampson, William A. Rice, Harlan, for appellant.

Golden, Helton & Golden, J. C. Helton, Farmer Helton, Pineville, for appellees.

CAMMACK, Judge.

The appellee, Wintz A. Gilley, sustained an injury to his left leg during the course of his employment with the appellant, Raymond Clark, dba Clark Construction Company. The injury necessitated surgical removal of the left knee joint, with a resultant stiffening of that joint at a permanent five degree angle. The Workmen's Compensation Board awarded Gilley total disability benefits from January 21, 1955, the date of the injury. This appeal is from a judgment affirming the Board's award.

The appellant contends that reversal should be granted because (1) the evidence does not show that the appellee is permanently and totally disabled; and (2) the Board had no power to award the appellee a sum in excess of the compensation allowed for the loss of a leg. A brief review of the evidence concerning the occurrence and extent of the injury is necessary for a proper consideration of these contentions. Admittedly, this is a close case.

At the time of the injury Gilley was 21 years old. He had a fourth grade education and was not skilled in any trade. His past employment had been mainly farm and janitorial work. Immediately preceding his employment with the appellant he had worked as a janitor and was paid $45 a week plus room and board. His work with the appellant was in connection with a coal auger at a strip mining operation. Gilley received $1 an hour. He had been engaged in this work for about three weeks when his foot caught in a conveyer chain, thereby causing the injury complained of.

Gilley was first treated by Drs. George and David Asher in Pineville. When his injury did not respond satisfactorily to their treatment he was referred to Dr. Kearns R. Thompson, a bone specialist, in Lexington. Dr. Thompson found almost complete destruction of the medial knee joint space, necessitating removal and fusion of the joint. He performed the required surgery and set the leg at a permanent five degree bend. It seems that such a bend is purposely made in this type of operation to improve the walking ability of stiff-legged patients. Dr. Robert Patterson, of Knoxville, Tennessee, examined Gilley after his leg healed. He said the surgery had been done expertly and had achieved the desired result.

Since the operation Gilley has worked as a truck driver and as a janitor. He was discharged from the driving job after one week because he burned out the clutch on the truck. The janitorial job was with the same concern Gilley worked for prior to his employment with the appellant; but his salary was $25 (rather than $45) per week, and it did not include room and board.

The two Doctors Asher testified that Gilley was permanently and totally disabled from doing the work he was engaged in at the time he was injured or from doing the manual labor available to him in the area. Dr. Thompson tended to limit the disability to the leg, but said that looking to the impairment of function of the body as a whole

it would be 10 to 12 per cent. Dr. Patterson testified that Gilley might be able to do a type of manual labor which he classified as "bench work." He said, however, that there was permanent total disability as to any manual labor involving dexterity in getting about or bending and straightening— as in the use of a pick and shovel. He said that Gilley could endanger both himself and others by driving a truck with his leg in its present condition.

Besides the stiffening of the leg the operation also shortened it about one and one-fourth inches. Gilley complained of backaches, and the doctors said that such symptoms would arise from one leg being shorter than the other. The Doctors Asher and Patterson said that the backaches would be permanent. Dr. Thompson said that Gilley would probably become "adjusted" to them.

The appellant argues that Gilley was not totally disabled because he was still able to work as a janitor after the injury. Furthermore, it is argued that Gilley was more skilled in janitorial work than in the work he was performing when he was injured. The appellant insists that to prove total disability Gilley had to show that he could no longer perform the work of his trade, namely, janitorial work. Gilley insists that the evidence supports the finding of the Board that he was totally disabled to do hard manual labor.

■■■ We have said total disability does not mean absolute helplessness or entire physical disability, but rather the loss of one's earning power as a workman, (whether manifested by inability to perform work obtainable, or inability to secure work); and that, where there is evidence of probative value tending to show that a worker's future usefulness and occupational opportunities are impaired, the question of compensation is for the Board. Columbus Mining Co. v. Sanders, 289 Ky. 438, 159 S.W.2d 14. We believe that the evidence in the case at hand supports the finding that Gilley will be unable henceforth

to do hard manual labor. The evidence shows further that the only other type of work available to this uneducated young man was that of a janitor, and that his earning power as a janitor had been impaired. Under the circumstances the Board was warranted in making an award for total disability. See Hardy Burlingham Mining Co. v. Sawyer, Ky., 254 S.W.2d 350.

Since we think the award for permanent total disability under KRS 342.-095 was justified, it is unnecessary to discuss KRS 342.110 which provides that in no event shall compensation for an injury to a member exceed the amount allowable for the loss of the member.

Judgment affirmed.

STEWART, J., dissenting.