**William C. LEEP, Appellant,**

v.

**KENTUCKY STATE POLICE et al.,
Appellees.**

Court of Appeals of Kentucky.

Oct. 12, 1962.

As Modified on Denial of Rehearing
April 19, 1963.

R. I. McIntosh, Woodward, Hobson & Fulton, Louisville, for appellant.

Thomas A. Ballantine, Jr., McElwain, Dinning, Clarke & Winstead, Louisville, for appellees.

PALMORE, Judge.

The question here is whether the evidence before the Workmen's Compensation Board compelled, as a matter of law, a finding of total permanent disability by reason of a leg injury, thus eliminating KRS 342.110 as a limitation on the award. Cf. Department of Mines & Minerals v. Castle, Ky.1951, 240 S.W.2d 44.

In February of 1950 the appellant, a state trooper, suffered a severe injury, including a compound fracture, to his leg below the knee. Since that time there has never been a satisfactory union of the bones (nor, evidently, a healing of the skin and other soft tissues), and when the evidence was taken in 1957 amputation of the leg was indicated as the eventual probability. (Had the amputation already occurred the award would, of course, be limited by KRS 342.105. Holt v. West Kentucky Coal Co., Ky.1961, 350 S.W.2d 155.)

At the time of the injury in this case, what is now the first sentence of KRS 342.110(2) read as follows: "In no event shall compensation for an injury to a member exceed the amount allowable for the loss of such member." But as pointed out in Holt v. West Kentucky Coal Co., Ky. 1961, 350 S.W.2d 155, it was held in Department of Mines & Minerals v. Castle, Ky. 1951, 240 S.W.2d 44, that the limitation did not apply to cases of permanent total disability, and this ruling was followed in Hardy Burlingham Mining Co. v. Sawyer, Ky.1953, 254 S.W.2d 350, and Clark v. Gil-ley, Ky.1958, 311 S.W.2d 391. In 1960 both KRS 342.110 and KRS 342.095 were amended to reflect the law as it had been thus construed. Though we criticized this result (under which the compensation of a claimant 98% disabled by reason of injury to one of the members listed in KRS 342.105 is limited by KRS 342.110, but if he is 100% disabled and there is no severance KRS 342.110 does not apply at all) in the Holt case, in view of the fact that it had now become statutory we did not undertake to rectify it. The construction applicable to the instant case therefore is governed by the Castle decision.

Following his injury the appellant was assigned to office duty as a radio operator. He voluntarily resigned his employment with the state police in December of 1951, and during part of the interim since then he did a different type of work for another employer and earned approximately $4600 per annum before being discharged incident to a reduction in force. This subsequent employment appears to have been a decisive factor in the Board's finding against total disability, as evidenced by the following excerpt from its opinion:

"* * * the evidence does not warrant a finding of total disability for work, for he has worked, regularly and in responsible, well paid positions, during a major portion of the time subsequent to the injury."

But the term "total disability for work" as used in KRS 342.095 has been construed to mean "that if a workman is totally disabled from the performance of work in his former occupational classification and his capacity to perform other kinds of work is impaired, he is entitled to compensation for total disability." E. & L. Transport Co. v. Hayes, Ky.1960, 341 S.W. 2d 240, 241. (The writer of this opinion does not believe this construction is justified by the language of the statute, but the majority of the court is disinclined to reconsider it.) Hence the fact that appellant has been able to earn substantial wages at a dif-

ferent type of work was not a dispositive consideration in this case. As we view it, the question was whether he is totally disabled to perform the duties generally required by his calling, that of a state police officer, and if the evidence on that point leaves room for a reasonable difference of opinion the finding of the board must stand.

On this point we think the testimony of the appellant and his physician made a sustainable case of total disability which must prevail unless support to the contrary is provided by the defense testimony of Dr. Charles F. Wood, the crucial portions of which are as follows:

"Q. Doctor, on June 24, 1957 when you took the history and examined Mr. Leep, what would be your opinion as to the percentage of his disability if any to the body as a whole to perform the duties of a highway patrolman"?

"A. I think in the condition that Mr. Leep was in when I saw him he would be, I would say, unable to function as a highway patrolman to do all of the duties of that job.

"On a percentage basis I would estimate with his cast and with the limitations of his activity due to the right lower extremity being immobilized in the cast, that he would have at least a 75% disability to the right lower extremity which would be somewhere between 35 and 50% disability to the man as a whole, I believe *according to the way the leg rates in relation to the body as a whole*. [Emphasis added.]

\* \* \* \* \* \*

"Q. Doctor, would Mr. Leep be able to take or to to do any physical exercise so far as being able to stand on his feet for any considerable length of time"?

"A. I should think he would be limited pretty much to sedentary work."

Dr. Wood's use of the qualifying language, "according to the way the leg rates in relation to the body as a whole," in estimating percentage of disability indicates to us that he was speaking in terms of overall physical impairment rather than the appellant's disability as a police officer. This is emphasized by his subsequent statement that appellant "would be limited pretty much to sedentary work." Therefore, the 35% to 50% estimate was not responsive to the question and does not support the board's conclusion that appellant's total permanent impairment, within the meaning of KRS 342.095, is but 50%.

■ There are, of course, certain specialized duties in the scope of police work that can be performed in the office or laboratory and are "sedentary" in nature, but it seems to us that when a man is permanently crippled and reduced to sedentary work his ability to secure employment as a police officer is virtually at an end, and if that was his line of work he is totally disabled within the meaning of KRS 342.095. Cf. Olson v. Triplett, 1934, 255 Ky. 724, 75 S.W.2d 366, 367, 369.

■ Upon the whole case we find no substantial evidence to support the board's finding that appellant's permanent disability was less than total.

Reversed with directions that a judgment be entered on the basis of total permanent disability, subject to proper credits as indicated by the record.