**DEBY COAL COMPANY and the Subsequent Claim Fund, Appellant,**

**v.**

**Millard CALDWELL, Appellee.**

Court of Appeals of Kentucky.

Oct. 16, 1964.

Rehearing Denied Dec. 11, 1964.

---

1. Which embraces machines that "may" be used for gambling.

Reeves, Barret & Cooper, J. W. Craft, Jr., Hazard, Paul Rhem, Versailles, for appellant.

Denver Adams, Robert Muncy, Hyden, for appellee.

PALMORE, Judge.

Deby Coal Company and the Subsequent Claim Fund appeal from a judgment of the Leslie Circuit Court raising from 50% to 100% the degree of permanent disability for which the Workmen's Compensation Board had awarded compensation to the appellee, Millard Caldwell.

Caldwell suffered a ruptured intervertebral disc while working at hard labor in the company's coal mine. The injured nucleous was thereafter removed by surgery. Two physicians testified in substance that he is totally and permanently disabled to do heavy manual labor. For the defense, an orthopedic surgeon and the neurosurgeon who had performed the operation estimated his permanent disability from 10% to 25%.

During the course of the medical testimony the opinion was expressed that Caldwell had a nondisabling degenerative disc condition prior to the accident which contributed to the degree of his disability existing thereafter. Hence the Subsequent Claim Fund was made a party defendant. KRS 342.120. Pursuant to KRS 342.121 the Workmen's Compensation Board appointed Dr. K. Armand Fischer to examine Caldwell and directed, among other things, that he determine "the total percentage of permanent disability which plaintiff now suffers to his body as a whole" and the extent to which the disability is attributable solely to the accident.

Answering the specific questions submitted to him by the board, Dr. Fischer estimated that Caldwell has "Fifty percent partial permanent disability to the body as a whole," 10% being attributable to a preexisting congenital defect and 40% to the accident. On the basis of this report the board set aside its referee's finding of 100% permanent disability suffered wholly from the accident and awarded compensation on the basis of 50% permanent disability, apportioning 40% against the employer and 10% against the Subsequent Claim Fund.

The problem in the case arises from the fact that Dr. Fischer's report employs the word "disability" in terms of general physical impairment rather than the claimant's capacity to perform the type of work demanded by his occupation. See Leep v. Kentucky State Police, Ky., 366 S.W.2d 729, 731 (1963), in which a precisely similar misconception occurred.

The prefatory portion of Dr. Fischer's report, describing the examination and setting forth his findings, concludes with the following paragraph:

"It is my opinion that the patient should lose some weight and I believe that he should have a spinal fusion, which would lower the percentage of his disability *and allow him to do moderately hard work again. Under the present circumstances he could do only light work.*" (Emphasis added.)

In view of this unequivocal statement it is beyond cavil that in Dr. Fischer's opinion Caldwell will be unable, unless there is further surgery, to do even moderately hard work, much less to do the kind of work required by his calling. Under the definition set forth in Clark v. Gilley, Ky., 311 S.W.2d 391 (1958), and E. & L. Transport Company v. Hayes, Ky., 341 S.W.2d 240, 84 A.L.R.2d 1102 (1960), and followed in Leep v. Kentucky State Police, Ky., 366 S.W.2d 729 (1963), this means that he is totally disabled. It cannot be gainsaid that in an occupation requiring strenuous physical labor a half man is no man.

The appellants contend that regardless of Dr. Fischer's report the board's findings were sufficiently supported by the testimony of the other doctors. However, in accordance with KRS 342.121(4), which requires that the award conform to the findings and conclusions of the medical report in the absence of an application for review,[1] the board's action was predicated exclusively on Dr. Fischer's report. If a KRS 342.121 report is incomplete or inconclusive the board has no alternative but to fall back on the evidence in the case. Cf. Shuman Co. v. May, Ky., 327 S.W.2d 14, 16 (1959); Mary Helen Coal Corp. v. Anderson, Ky., 262 S.W.2d 841, 843 (1953). But in this case, when construed as it must be construed to make sense, the report is neither inconclusive, incomplete, nor ambiguous.

The circuit court correctly adjudged that the report conclusively required a finding of 100% disability, but erred in apportioning the award 40% against the employer and 60% against the Subsequent Claim Fund. The necessary import of Dr. Fischer's report is that one-fifth of the disability results from the pre-existing congenital defect and four-fifths from the accident. Hence the award should be apportioned 80% against the company and 20% against the Subsequent Claim Fund.

To the extent that the judgment directs an award for total permanent disability it is affirmed. On the apportionment issue it is reversed with directions that the award be apportioned in accordance with this opinion.

---

1. Caldwell did file an application for review, demanding in effect that it be construed to mean that his disability was 100%. The board reviewed the report but declined to give it such a construction.