**Alvin COMBS, Appellant,**

**v.**

**G. B. SMITH and Workmen's Compensation
Board et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 23, 1966.

Harold Garland Wells, Hazard, for appellant.

J. W. Craft, Jr., Hazard, for appellees.

DAVIS, Commissioner.

Appellant seeks to reverse a judgment of the circuit court which sustained an award made to appellant by the Workmen's Compensation Board. The Board awarded appellant $38.00 per week for 17 days of temporary total disability and $1.25 per week so long as he remains temporarily partially disabled but not to exceed a period of 400 weeks. Appellant contends that (1) he is totally disabled and will remain so for an indefinite time, or (2) even if the Board's finding of 50% disability is upheld, it should be adjudged that such 50% disability is permanent rather than temporary, and (3) in any event, the Board and circuit court incorrectly computed the weekly benefit due to appellant even for temporary partial disability of 50%.

On June 26, 1964, appellant fell from a truck while performing normal duties for his employer. Incident to this accident he sustained an injury to the coccyx; medical evidence for appellant reflects that he had developed coccygodynia, a condition which is accompanied by pain in the coccyx area. His suffering was sufficiently acute as to require his being absent from work for 16 or 17 days.

At the end of that time appellant resumed his duties with appellee, his employer. However, he found that the discomfort incident to operating a coal truck (his normal duties for some nine years) precluded his continuing in that work. On or about September 1, 1964, (erroneously stated as 1965 in the Board's opinion) ap-

pellant ceased working for appellee and entered on duty with an appliance and furniture store. In the latter employment appellant is not required to perform duties as strenuous as those required in his work as a coal-truck driver, although he does some truck driving on occasions.

The Board found from competent evidence that appellant had earned $62.50 per week of five working days in his employment by appellee, and that his weekly wage in his new job equals $60.00 for six working days. As noted, the Board also found that appellant is temporarily 50% disabled. Relying on KRS 342.100, the Board undertook to award 65% of the difference between appellant's average weekly earnings before and after the injury.

■ We find no merit in appellant's claim that appellant is totally disabled for an indefinite time from his usual occupation as a truck driver. Appellant relies on Sullivan v. Foster & Creighton Company, Ky., 394 S.W.2d 917 and Leep v. Kentucky State Police, Ky., 366 S.W.2d 729. In each of those cases there was a valid finding that the employee was totally and permanently disabled from performing the duties of his former occupational classification and his capacity to perform other kinds of work was impaired. Cf. E. & L. Transport Co. v. Hayes, Ky., 341 S.W.2d 240, 241, 84 A.L.R.2d 1102. In the present case none of the medical evidence attributed permanence as a prospect for appellant's disability, nor did any of the medical evidence characterize the disability as total. In fact, there was competent medical evidence that appellant had no disability of any kind. The Board was not required to be persuaded (indeed had no basis to be persuaded) that appellant's disability is total or permanent. Lee v. International Harvester Company, Ky., 373 S.W.2d 418.

What we have just said disposes of appellant's claim that the disability should be adjudged to be permanent, even if it is considered to be 50% partial rather than total. The medical evidence amply justified the Board's finding that the disability was temporary, not permanent.

■ We agree that there has been an erroneous computation of the weekly sum to be paid during the period of temporary partial disability. The governing statute is KRS 342.100, which, in pertinent part provides:

"In case of an injury * * * resulting in temporary partial disability, the employe shall receive during such disability * * * sixty-five percent of the difference between his average weekly earnings before the injury * * * and the average weekly earnings that he earns, or is able to earn, in some suitable employment during such disability * * *."

It will be observed that the quoted statute makes no provision for applying the percentage of disability to the difference between the before and after injury earnings; it merely provides for the 65% factor.

Since the before-injury earnings of $62.50 per week resulted from a five-day working week, and the after-injury earnings of $60.00 per week require a six-day week, we conclude that the proper basis for computing the "difference" in the before and after earnings is to calculate each work period on a five-day work week basis. The five-day work week at $62.50 per week is equivalent to an hourly payment of $1.5625. The hourly rate required to produce $60.00 in a six-day week of eight hours per day is $1.25; thus there is an hourly "difference" of $0.3125. When this "difference" is multiplied by forty working hours it produces a result of $12.50. Of course, the same result is reached by merely multiplying 40 hours by the after-injury rate of $1.25, giving a total of $50.00 per week after injury, as opposed to $62.50 per week before the injury. When the statutory 65% is applied to the difference of $12.50, the result is $8.12½ per week, which should be rounded to $8.13 per week.

The judgment is reversed, with directions to enter a new judgment awarding appellant $8.13 per week, beginning as of September 1, 1964, and continuing during the period of appellant's partial disability, but not exceeding 400 weeks from June 29, 1964.