**Harold William WHITIS, Appellant,**

v.

**SOUTHERN BELLE DAIRY, INC., et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 6, 1968.

Fritz Krueger, Somerset, for appellant.

J. Keller Whitaker, Workmen's Compensation Board, Frankfort, V. O. Blackburn, Somerset, Thomas R. Emerson, Dept. of Labor, Special Fund, Frankfort, for appellees.

CULLEN, Commissioner.

William Harold Whitis, a common laborer, made a claim for workmen's compensation for disability from a back injury. Upon the hearing of his claim there was evidence indicating that he had a preexisting dormant nondisabling disease condition which was brought into disabling reality by an accident in his employment. See KRS 342.120(1) (b). Accordingly, the Workmen's Compensation Board appointed a physician under KRS 342.121 to examine Whitis and make a report. The physician, Dr. T. R. Miller, reported that Whitis's percentage of disability was "10 percent to the body as a whole" and that all of it resulted from the arousal into disabling reality of the preexisting condition. The board was of the opinion that the report was not controlling as to the extent of Whitis's *occupational disability,* but that the report was binding as to the apportionment of the sources of that disability. Wherefore, the board, resorting to other evidence in the case, found that Whitis was totally disabled occupationally but, following Dr. Miller's report, found that all of the disability was attributable to the arousal into disabling reality of the preexisting condition. In conformity with those findings the board made an award to Whitis for total permanent disability, payable entirely by the Special Fund,[1] and an award for hospital and medical expenses incurred during the initial period of total temporary disability, payable by the employer.

The Special Fund and the employer appealed to the circuit court, which entered judgment setting aside the awards and remanding the case to the board for entry of an award in conformity with the opinion of the circuit court, which was in substance that the board was required "to follow the

1. No question is raised as to whether, under KRS 342.120, the Special Fund properly can be required to pay *all* of a permanent disability award.

report of Dr. Miller." Whitis has appealed from that judgment.

We shall summarize the rules that we consider to be pertinent to the decision of this case.

(1) Absent timely exceptions, the report of a physician appointed under KRS 342.121 is conclusive as to *medical questions.* KRS 342.121; Kerns Bakery v. Hodges, Ky., 377 S.W.2d 88; Belknap Hardware & Manufacturing Co. v. Brown, Ky., 402 S.W. 2d 848. (2) *Functional* disability is a medical question but *occupational* disability is not. Kilgore v. Goose Creek Coal Co., Ky., 392 S.W.2d 78; McCown v. Hellier Elkhorn Coal Co., Ky., 399 S.W.2d 719. (3) If the appointed physician states (either along with or without a disability *percentage* estimate) that the claimant cannot perform certain kinds of physical functions such opinion is an opinion on a *medical question,* but if the kinds of physical functions which the physician says the claimant cannot perform are such as are essential in the performance of the only occupation the claimant is qualified by training and experience to perform, the Workmen's Compensation Board is required as a matter of logical deduction to find that the claimant's *occupational* disability is total. Deby Coal Co. v. Caldwell, Ky., 383 S.W.2d 905; Ed Hall Drilling Co. v. Profitt, Ky., 424 S.W.2d 403; Osborne v. Johnson, Ky., 432 S.W.2d 800 (decided March 8, 1968; petition for rehearing denied November 1, 1968). (This last rule has been modified somewhat in Osborne v. Johnson, supra, but since the instant claim was filed before the effective date of that decision the pre-Osborne v. Johnson rules apply.)

In the instant case the appointed physician did *not* undertake to express the claimant's functional disability in terms of the kinds of physical functions the claimant could not perform, but instead limited his opinion to a statement of a *percentage* of disability of the body. That opinion was not such as to require any specific conclusion as to the claimant's ability to perform the essential tasks of his usual occupation—in fact it furnished little basis at all for a determination of the extent of the claimant's *occupational* disability. This is what distinguishes this case from *Deby, Ed Hall* and *Osborne.*

We conclude that the Workmen's Compensation Board was not bound, in its determination of the extent of Whitis's occupational disability, by the report of the appointed physician. It was entitled, then, to consider the other relevant evidence in making that determination. Included in that evidence were the testimony of the claimant himself that he could not perform the kinds of tasks required in his job, and the testimony of Dr. Massie that Whitis could not do heavy work. This was enough to warrant a finding of total disability under the pre-Osborne v. Johnson holdings. See Baier v. Schnell, Ky., 323 S.W.2d 587; Deby Coal Co. v. Caldwell, Ky., 383 S.W. 2d 905; Ed Hall Drilling Co. v. Profitt, Ky., 424 S.W.2d 403. In our past application of the pre-Osborne v. Johnson rules we have not accepted the proposition, here argued by the appellees, that the common-laborer classification should be separated into hard-labor and light-labor subclassifications.

The judgment is reversed with directions to enter judgment affirming the order of the Workmen's Compensation Board.

All concur.