John W. YOUNG, Commissioner of Labor of the Commonwealth of Kentucky, et al., Appellants,

v.

Edgar SPRAGGS, G–M. Wholesale Corporation and Workmen's Compensation Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

Oct. 9, 1970.

As Modified on Denial of Rehearing Feb. 5, 1971.

Martin Glazer, Dept. of Labor, Frankfort, Gemma M. Harding, Dept. of Labor, Louisville, for appellants.

Joseph Freeland, Albert M. Karnes, Samuel S. Boaz, Paducah, for appellees.

REED, Judge.

This is a workmen's compensation case in which the Board awarded Edgar Spraggs, an employee of G–M. Wholesale Corporation, compensation benefits based on a determination that Spraggs was 35 per cent permanently partially disabled as the result of a compensable event; the award was directed to be paid by the Special Fund (KRS 342.120). Spraggs appealed to the circuit court where it was decided that the extent of his disability should have been evaluated as permanent and total disability; no other change was made in the award. The Special Fund appeals from the circuit court's judgment, and although the Fund admits that all liability was properly adjudged against it, the assertion is made that the circuit court erroneously substituted its judgment for that of the Board concerning the extent of Spraggs's disability. We affirm the circuit court.

The evidence is substantially uncontradicted. Spraggs has worked nearly all of his adult life as a warehouseman. He worked for G–M. Wholesale Corporation continuously from 1953 until 1968 when the disability for which the present compensation award was made compelled him to quit work. In 1957 he suffered a double hernia, which was surgically repaired. In 1958, he suffered another hernia on the right side and it was also surgically repaired. In 1966, he suffered another double hernia and was again subjected to surgery. In 1967, while Spraggs was lifting an 80-pound case in the course of his job as a warehouseman, he suffered another hernia on the left side of his abdomen, which necessitated another surgical operation. Finally, in July 1968, he suffered another hernia when he picked up a box while performing his work and surgery was performed. He has not been able to work since.

The Board appointed a physician under KRS 342.121, Dr. W. B. Haley of Paducah. His report was that Spraggs's disability was "27½ per cent to the body as a whole (McBrides)"; the report also stated that all of this disability was the result of the arousal by the 1968 injury of a pre-existing, dormant, nondisabling *"disease"* condition. The Board found: " * * * all of plaintiff's disability is due to the dormant non-disabling disease condition which was aroused into disabling reality as a result of the July 25, 1968 injury." The Board determined the extent of the resulting disability was 35% permanent partial; this award to be paid by the Fund. The Fund insists that this disposition is binding. The real issue on this appeal is whether the Board's finding concerning the extent of disability is reviewable. It is apparent, as the Board evidently recognized, that Dr. Haley's evaluation was based on functional impairment and not on occupational disability. Dr. Haley expressed no opinion concerning occupational disability. On the contrary, he followed the well-known medical practice of evaluating the extent of functional impairment of the body as a whole according to principles expostulated by Dr. Earl D. McBride in his well-regarded medical text on disability evaluation. It was, therefore, the duty of the Board to determine Spraggs' occupational disability.

Spraggs testified that he was no longer able to work. Dr. Harting, the treating surgeon, gave the only medical evidence other than that derived from Dr. Haley. The surgeon testified that Spraggs will never again be able to work at his usual and customary occupation and that his capacity to perform other kinds of work is substantially impaired.

This case is governed by the principles applicable prior to the decision in

Osborne v. Johnson, Ky., 432 S.W.2d 800. The injured employee had pursued a single occupation, warehouseman, nearly the entire period of his adult life. At the time of his injury, he was a "lead warehouseman." This occupational classification entails manual labor and supervision of other employees. He has not been able to work since the last compensable event. The treating surgeon testified that he will never be able to work at his usual and customary occupation and that his capacity to perform other kinds of work is substantially impaired. Actually the evidence as to the extent of occupational disability present is uncontradicted. This evidence clearly establishes that under the principle enunciated in Leep v. Kentucky State Police, Ky., 366 S.W.2d 729 as explicited in subsequent opinions, not here pertinent for discussion, the injured employee sustained "permanent and total disability" under our compensation law as it was construed at the time the Board adjudicated the claim.

The circuit court correctly decided that the Board should conform its award to the uncontradicted evidence, both medical and lay, that Spraggs was permanently and totally disabled.

The judgment is affirmed.

All concur.