**VECELLIO & GROGAN, INC., Appellant,**

**v.**

**Glen F. CRUMLEY, Workmen's Compensation Board of Kentucky, and Special Fund, Appellees.**

Court of Appeals of Kentucky.

June 23, 1972.

Rehearing Denied Oct. 6, 1972.

Jack T. Page, Stephens, Combs & Page, Pikeville, for appellant.

Gemma M. Harding, Dept. of Labor, Louisville, for Special Fund.

Harry R. Stamper, Friend & Mullins, Pikeville, for other appellees.

OSBORNE, Justice.

This appeal arises out of a Workmen's Compensation proceeding. Glen F. Crum-

ley injured his back in 1968, when a tree fell on him. He was treated for this injury by Dr. J. P. Sutherland of Grundy, Virginia. After short treatment for muscle sprain, he was released. No time was lost from work and no workmen's compensation claim was made for this injury. On May 13, 1969, he was again injured in the back when a piece of heavy equipment, a back hoe, swung around and struck him. However, he continued to work after this blow and on May 24, 1969, he alleges he reinjured his back, while trying to lift a barrel of oil. As of the time proof was taken in this proceeding he contended that he had not worked since May 24, 1969.

In his application for benefits under the workmen's compensation law, he alleged both of the latter injuries and made the Special Fund a party to the proceedings contending that he had a preexisting dormant disease, which was triggered into disabling reality. The Board found there was no preexisting dormant disease and dismissed the claim against the Special Fund. There is no appeal before us from the action of the Board in this respect.

Acting upon Crumley's claim, the Workmen's Compensation Board awarded him 60% permanent partial disability as a result of the combined injuries on May 13 and May 24, 1969. Crumley appealed to the Pike Circuit Court contending that the evidence was such as to make it clearly unreasonable for the Board not to have awarded him total permanent disability. The circuit court reversed the Board and entered its judgment awarding total permanent disability. The question now before this court is whether the circuit court exceeded its authority in substituting its finding of fact that Crumley was 100% disabled for the finding of the Board that he was only 60% disabled.

KRS 342.285(3) provides that upon appeal to the circuit court,

". . . . The court shall not substitute its judgment for that of the board as to the weight of evidence on questions of fact, its review being limited to determining whether or not:

(a) The board acted without or in excess of its powers;

(b) The order, decision, or award was procured by fraud;

(c) The order, decision, or award is not in conformity to the provisions of this chapter;

(d) The order, decision, or award is clearly erroneous on the basis of the reliable, probative, and material evidence contained in the whole record; or

(e) The order, decision, or award is arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

The circuit court in reversing the Board cited as authority for its action our opinion in Department of Economic Security v. Adams, Ky., 450 S.W.2d 819, and previous cases including Young v. Levisa Stone Corp., Ky., 445 S.W.2d 151. This line of cases represents what is commonly referred to as the "Leep" rule. Leep v. Kentucky State Police, Ky., 366 S.W.2d 729. The substance of the rule is that, if an employee who has a functional disability of less than 100% is shown to be unable to return to a former occupation and his ability to perform other work is impaired, he may be awarded total disability. The circuit court in this proceeding found that under the evidence in this record Crumley was unable to return to his former employment or to perform heavy manual labor; therefore, that the Board acted unreasonably in not awarding him total disability.

We are of the opinion the circuit court committed error in applying the Adams case and previous cases. On November 1, 1968, this court, in the case of Osborne v. Johnson, Ky., 432 S.W.2d 800, abolished the "Leep" rule thereby rendering that line of cases inapplicable to the

situation presently before us. It is specifically pointed out in the Adams case that it only applied to this situation because the case arose prior to the Osborne decision.

". . . before entering upon an analysis of the evidence it is necessary to explain that this case arose prior to the effective date (November 1, 1968) of our decision in Osborne v. Johnson, Ky., 432 S.W.2d 800 (1968), and is thus to be decided under the so-called *Leep* rule (Leep v. Kentucky State Police, Ky., 366 S.W.2d 729), to the effect that if a man cannot perform the work of his *usual occupation* and his capacity to perform other kinds of work is impaired, he is totally disabled."

Without taking the space in this opinion to detail the medical testimony in the case, we are of the opinion that the action of the Workmen's Compensation Board in fixing disability at 60% was well within the discretion of that Board.

Judgment reversed.

All concur.