45 F.3d 430
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Ira Ray CLARK, Petitioner-Appellant,
v.
KARST-ROBBINS COAL CO., Liberty Mutual Insurance Co., and
Director, OWCP, United States Department of Labor,
Respondents-Appellees.
 No. 93-4173.
 United States Court of Appeals, Sixth Circuit.
 Dec. 20, 1994.
 
 Before: GUY and BATCHELDER, Circuit Judges, and McKEAGUE, District Judge.*
 PER CURIAM.
 
 
 1
 The petitioner-appellant, a miner, appeals the Benefits Review Board's decision reversing the administrative law judge's award of benefits for total disability due to pneumoconiosis. For the reasons that follow, we affirm in part, reverse in part, and remand for a new hearing on the issue of whether the miner's pneumoconiosis caused his disability.
 
 
 2
 * Ira Ray Clark worked as an underground coal miner for a total of twelve years. From 1961 to 1963 and from 1969 to 1973, Clark's employer was the Karst-Robbins Coal Co. In 1974, Clark left coal mining due to a deteriorating respiratory condition. In January 1975, Clark received a workers' compensation award from the State of Kentucky on behalf of Clark's last employer in the coal mining industry, Eastover Mining Co. The award read, "Plaintiff became permanently and totally disabled on or about November 20, 1974 as the result of the occupational disease of pneumoconiosis arising out of and in the course of his employment as a coal miner."
 
 
 3
 In 1981, Clark applied for black lung benefits, naming Karst-Robbins as the responsible operator. The administrative law judge (ALJ) awarded benefits, but the Benefits Review Board (BRB) reversed the ALJ's opinion as unsupported by medical evidence. This petition followed.
 
 II
 
 4
 The first question presented is whether the state workers' compensation award that Clark received in January 1975 was "a medical determination of total disability due to pneumoconiosis," 30 U.S.C. 932(f). If so, then the three-year statute of limitations prescribed by the Black Lung Benefits Reform Act barred Clark's 1981 claim for federal benefits.
 
 
 5
 A black lung claimant enjoys a rebuttable presumption of timeliness. See 20 C.F.R. Sec. 725.308(c). A state agency decision determining disability cannot be a "medical determination" unless the decision reveals a probative, well-reasoned medical basis for the conclusion of disability. Adkins v. Donaldson Mine Co., No. 89-2902 (BRB May 27, 1993). Medical reports are neither discussed in nor attached to the workers' compensation award, and at the ALJ's hearing, Karst-Robbins presented only one medical report reviewed by the state workers' compensation board. Therefore, the record in this case does not indicate the legal or medical criteria upon which the Kentucky board relied in finding total disability due to pneumoconiosis.
 
 
 6
 Further, the legal and medical criteria for relief under Kentucky law at the time of the workers' compensation decision differed significantly from federal criteria for black lung benefits. For example, within the federal system, "total disability" is defined according to specific medical criteria. See 20 C.F.R. Sec. 718.204(c); 20 C.F.R. Sec. 725.101(a)(21). In contrast, at the time of Clark's state award, the workers' compensation law of Kentucky contained no specific medical criteria for the establishment of "total disability," see Ky.Rev.Stat.Ann. Sec. 342.316(b)(1) (Baldwin 1976) (merely requiring submission of two medical reports), and the term "total disability" referred to occupational disability, not medical disability, see Cook v. Paducah Recapping Service, 694 S.W.2d 684, 687 (Ky.1985); Purex Corp. v. Bryant, 590 S.W.2d 334, 336 (Ky.Ct.App.1979); Whitis v. Southern Belle Dairy, Inc., 434 S.W.2d 645, 647 (Ky.Ct.App.1968).
 
 
 7
 Under these circumstances, we conclude that the state workers' compensation award was not a "medical determination of total disability" as defined by the Black Lung Benefits Reform Act. Therefore, Clark's claim was timely.
 
 III
 
 8
 To receive black lung benefits, a claimant must prove three facts: (1) that he suffers from pneumoconiosis, (2) that he is totally disabled due to, at least in part, pneumoconiosis, and (3) that the disability arose out of coal mine employment. Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, 141 (1987); Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989).
 
 
 9
 Several of Karst-Robbins's assignments of error may be dismissed summarily. Karst-Robbins claims to contest the existence of Clark's pneumoconiosis, but offers no arguments in support. We therefore find that Karst-Robbins waived this assignment of error. Because of this waiver, we need not address Karst-Robbins's challenge to the ALJ's admission of post-hearing exhibits offered by the Director on the existence of pneumoconiosis.
 
 
 10
 Karst-Robbins contends that the ALJ failed to consider contrary probative evidence in determining whether Clark is totally disabled under 20 C.F.R. Sec. 718.204(c). In so arguing, Karst-Robbins specifically mentions only the spirometric studies. The ALJ clearly addressed the results of the spirometric studies in the context of discussing the administering physicians' reports. Therefore, Karst-Robbins's assertion that the ALJ failed to consider the spirometric studies is meritless.
 
 
 11
 Also, Karst-Robbins maintains that the ALJ erred in evaluating the medical opinions on the issue of whether pneumoconiosis contributed to Clark's disability. After careful review, we conclude that substantial evidence supports the BRB's determination that the ALJ properly discounted or discredited each of the medical reports submitted in this case on the causation issue.
 
 
 12
 Having concluded that the record contains not a single credible medical report on the issue of causation, we must determine whether substantial evidence supports the BRB's decision that the ALJ erred in awarding benefits in the absence of affirmative medical evidence linking Clark's pneumoconiosis and total disability. Besides pneumoconiosis, Clark suffers from two other medical ailments--obesity and chronic bronchitis. Clark produced qualifying blood gas results, but no medical opinion credibly explains the cause of those results. In awarding benefits, the ALJ wrote, "[I]t has not been credibly shown that the qualifying blood gas results are due to something other tha[n] pneumoconiosis.... Other typical causes simply are not present here." The BRB reversed, writing,
 
 
 13
 The determination of whether [a] claimant's disability arose from coal mine employment is primarily a medical determination which must be supported by medical evidence in the record.... In concluding that [the] claimant suffers from a totally disabling condition due in part to pneumoconiosis, the administrative law judge improperly proffered his own medical opinion.
 
 
 14
 We find that substantial evidence supports the BRB's conclusion that the medical evidence in this case cannot establish pneumoconiosis as a cause of Clark's disability.
 
 
 15
 The Director argues that this court should remand the case for production of additional medical evidence. We agree. The Department of Labor (DOL) has the duty to provide a claimant with a complete pulmonary examination. 30 U.S.C. Sec. 923(b); see 20 C.F.R. Secs. 718.101, 718.401, 725.405(b). Generally, the DOL has not satisfied its duty if the record ultimately contains no credible medical evidence on a necessary element of a claimant's entitlement. Cline v. Director, OWCP, 917 F.2d 9, 11 (8th Cir.1990). The record in this case contains no credible medical examination report. Therefore, on remand, the DOL must provide another pulmonary examination of Clark. On remand, each party will also be permitted to present other probative evidence relevant to the narrow issue of whether pneumoconiosis caused Clark's disability.
 
 IV
 
 16
 Based on the foregoing, this court REVERSES on the causation issue and REMANDS for a hearing on whether pneumoconiosis caused Clark's total disability. We AFFIRM the BRB's decision in all other respects.
 
 
 
 *
 The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation