## Ajax Coal Co. et al. v. Stanfill.

February 13, 1951.

S. M. Ward, Judge.

Craft & Stanfill for appellant.

Don A. Ward for appellee.

JUDGE MILLIKEN—Reversing.

This is an appeal from a judgment of the Perry Circuit Court remanding the case to the Workmen's Compensation Board with directions to enter an award allowing the plaintiff compensation for total and permanent disability.

The plaintiff, Elmer Stanfill, received a severe injury to his right foot on May 31, 1948, and was hospitalized for forty-six days. He was paid the maximum amount a week for temporary total disability from the time of the accident to June 6, 1949. His employer also expended the maximum allowance for medical fees. A referee of the Board found Mr. Stanfill had suffered permanent and total disability, but upon a Full Board Review the Board agreed with the referee in all respects except as to the extent of the disability; the Board found that the plaintiff had suffered a permanent partial disability of 37% to the body as a whole, and applied KRS 342.-105(18) covering the loss of a foot as its means of gauging the extent of the injury. The foot had not been amputated.

Mr. Stanfill testified that he was fifty-three years of age at the time of the accident and, at the time of his testimony nearly fifteen months after the accident, he stated that he had been unable to work on account of the pain in his foot; that he had attempted to do a little gardening, to shovel dirt and to milk a cow, and those were about the only things he had done since he was

injured. He had the equivalent of a Fourth Grade education, and had been employed by the defendant company for twenty-seven years in various capacities, and at the time of his injury was tipple foreman. Most of the facts were stipulated, and the only other evidence offered was that of a physician who testified in behalf of the plaintiff and an orthopedic specialist of Louisville who examined the plaintiff and testified on behalf of the employer. The plaintiff's physician testified that, in his opinion, the plaintiff was totally disabled unless his right foot was amputated. On the other hand, the physician who testified in behalf of the employer and who examined the plaintiff eight months after the accident agreed substantially with the medical findings of the plaintiff's physician, yet concluded that the plaintiff had suffered only a 25% permanent partial disability to the foot. He believed that 75% of the usefulness of the foot would be recovered if the plaintiff would attempt to use it.

In reaching its conclusion, the Full Board apparently decided to treat the plaintiff's injury as if it were equivalent to the complete loss of a foot. The opinion on Full Board Review states: "Had this been done (the foot amputated) plaintiff would have recovered only for the loss of a foot as was held in the case of Marshall v. Octavia J. Coal Mining Co., 252 Ky. 460, 67. S. W. 2d 697." The plaintiff was awarded compensation on the basis of 37% permanent partial disability to the body as a whole under KRS 342.110, which was nearly equivalent to the loss of a foot under KRS 342.105(18). This was a compromise between the conflicting conclusions of the medical witnesses. The evaluation of disability is perhaps the most difficult part of the Board's work, and if the plaintiff's condition has deteriorated since the finding of the Board he may request it to reopen the case.

From the evidence offered different conclusions as to the extent and duration of the disability could be reached, but so long as the Board has based its findings on competent evidence it is not within the province of the courts to review the findings of the Board or to direct the Board to make any specific finding of fact. Marion v. Frank R. Messers & Sons, 306 Ky. 743, 209 S. W. 2d 321.

Wherefore the judgment of the trial court is reversed and the opinion of the Full Board Review is sustained.