**CONGLETON BROTHERS, INC., Appellant,**

v.

**Willard FARMER et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 25, 1966.

J. W. Craft, Jr., Craft & Haynes, Hazard, for appellant.

Edward Jackson, Beattyville, Earl Ashcraft, Irvine, for appellees.

WADDILL, Commissioner.

The Workmen's Compensation Board awarded appellee, Willard Farmer, compensation benefits based upon a finding that he had sustained fifteen percent permanent partial disability from a work-connected injury. Upon an appeal pursuant to KRS 342.285, the Lee Circuit Court set aside the award on the ground that there was insufficient evidence to support it. The circuit court then reviewed the evidence presented before the Board, made a new finding that Farmer was totally and permanently disabled by reason of his work-connected accident and entered a judgment in favor of Farmer against his employer, Congleton Brothers, Inc., for maximum compensation benefits provided by KRS 342.095, subject to a credit for compensation already paid. Congleton Brothers, Inc., has appealed to this Court contending that the finding and award of the Board were authorized by the evidence, hence, the judgment of the circuit court is patently erroneous.

The only question for the Board to determine was the extent and duration of Farmer's disability. The record reflects that Farmer was 43 years of age, had worked for Congleton Brothers, Inc., for 16 years performing manual labor, had sustained a back injury at work which required surgery for the removal of a disc, had returned to work for about two months and had ceased working because of severe pain in his back.

 Although the lay testimony uniformly indicated that Farmer was physically unable to perform heavy manual labor, the medical testimony concerning the extent of his disability was contradictory. The testimony of three physicians tended to show that Farmer could not perform hard manual labor while two physicians opined that his functional disability was 10–15 percent and that he was able to return to work. Under these divergent opinions the Board fixed Farmer's occupational

disability at 15 percent. In making this determination it is quite possible that the Board was unduly influenced by the expert medical opinions concerning his functional disability in contradistinction to his occupational disability. We consider it appropriate to repeat the admonition given in Kilgore v. Goose Creek Coal Co., Ky., 392 S.W.2d 78, that, while a medical examiner should evaluate the impairment of bodily function, it is a legal or administrative task to evaluate occupational disability. As stated in that case:

"* * *. Whatever may be the degree of physical impairment established by the medical testimony, the board must make its own estimate, from the evidence as a whole, of whether and to what degree that impairment actually disables the claimant from performing the duties of his occupation. Percentage of physical limitation is a medical question; percentage of disability is not."

Also see, Deby Coal Co. v. Caldwell, Ky., 383 S.W.2d 905.

Answering the question presented on this appeal, we find ample evidence to justify the findings and award of the Board even though the award appears to us to be conservative. The evidence introduced on behalf of Farmer was apparently not as convincing to the Board as the expert medical evidence introduced on behalf of Congleton Brothers, Inc., to the effect that Farmer was still able to perform manual labor. The making of this determination was not one of law, but was rather one within the exclusive prerogative of the Board as fact finder. Inasmuch as the award of the Board is supported by substantial evidence we must declare the judgment of the circuit court erroneous.

The judgment is reversed with directions to set it aside and enter a new one affirming the award of the Board.