Dock McCOWN, Appellant,

v.

**HELLIER ELKHORN COAL COMPANY**
**et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 25, 1966.

Ronald W. May, Combs & May, Pikeville, for appellant.

E. R. Hays, Baird & Hays, Pikeville, Stuart Alexander, Louisville (for Special Fund), for appellees.

MILLIKEN, Judge.

This is an appeal from a judgment affirming an opinion and order of the Workmen's Compensation Board which awarded compensation for partial disability, and the employee appealed.

Dock McCown, the appellant, was injured on August 4, 1962, while helping to load some lumber on a truck. He was employed at the time by the appellee, Hellier Elkhorn Coal Company. The appellant made a claim for injury to one of his testicles, and the claim was accepted by the appellee. McCown was operated on for the injury, made a complete recovery and returned to work without disability from that injury.

Several months later the appellant claimed that he had injuries to his back from the August 4, 1962, accident. The X-rays taken disclosed a compression fracture to the third lumbar which had healed, and some symptoms indicating lumbar muscular strain. The doctor could not say whether it was a result of the August 4, 1962, accident. Evidence was introduced which disclosed that the appellant had had a fracture of the transverse processes of the third lumbar vertebra in 1936, and that this old injury was the one which was causing pain.

On June 22, 1964, the Workmen's Compensation Board, by and through its Referee, entered an opinion and award finding all issues in favor of appellant and awarded him 50% disability to the body. Both parties filed a motion for Full Board review, and on motion of the employee the custodian of the Special Fund was made a party.

On July 20, 1964, the Board, in an opinion and order, stated that it could not make a decision on the ultimate question of disability under the medical evidence contained in the file and, on its own motion, ordered the appellant to submit himself to Dr. T. Rothrock Miller for examination by an independent Board-appointed physician, and further ordered that Dr. Miller's deposition be taken after his written report was filed. Dr. Miller conducted the examination and on deposition said that he would set the disability of the appellant at 15%. The Board then rendered an opinion awarding appellant 15% disability, payable by the Special Fund, and the Circuit Court

affirmed the award. No cross-appeal was filed in behalf of the Special Fund.

The appellant argues that the Board did not cite the specific statute it invoked for the examination by an independent physician, and he asserts that under KRS 342.315 the filing of exceptions to the physician's report is not required, which is true. We see no merit in this contention, for KRS 342.121(1), (4) governs in this area when the Special Fund is involved. (KRS 342.-315 governs the appointment of disinterested physicians when the Special Fund is not involved.) The statute (KRS 342.121 (1), (4) ) says:

"(1) If on a claim for compensation for disability resulting from a subsequent injury by accident or occupational disease any medical question shall be in controversy, or a determination thereof necessary to the proper apportionment of liability therefor, the board shall refer the case to a physician appointed by it for the purpose of investigating and reporting to the board on the medical questions involved * * *.

"(4) The decision or award in the case shall conform to the findings and conclusions in such report insofar as restricted to medical questions, * * * no such findings of the physician shall be subject to review unless specific objections thereto shall be filed with the board * * *."

In the case of Roaring Fork Coal Company v. Wilder (1964), Ky., 380 S.W.2d 271, (applying KRS 342.121), it was held that the physician's report is conclusive as to medical questions if neither party files exceptions thereto. However, in its order appointing Dr. Miller, the Board directed that his deposition be taken after his report was filed, and at the taking of the deposition appellant's counsel thoroughly cross-examined Dr. Miller, a procedure which we think was equivalent to the filing of exceptions to the physician's report. The cross-examination of Dr. Miller revealed that the 15% permanent disability he found was functional disability and not occupational disability. In its opinion on Full Board Review the Board commented, "Dr. Miller found the plaintiff to be disabled 15% to the body as a whole and· thought he would have had no disability except for a pre-existing condition that was aroused in action by this accident. There has been no objections filed to Dr. Miller's report by either party which compels us to be governed by the findings of Dr. Miller, the disinterested physician. In accordance therewith it is the conclusion of the Board that the plaintiff has a 15% permanent disability to the body as a whole because of a pre-existing weakness and disposition to this type of injury." It gave an award accordingly, chargeable wholly to the Special Fund.

It is obvious that the Board thus failed to properly translate the functional disability into terms of occupational disability —the degree of disability suffered by the claimant in performing the usual duties of his vocation. In October, 1964, the same month in which the Board issued its ruling in this case, we wrote in Kilgore v. Goose Creek Coal Company, Ky., 392 S.W.2d 78, it is necessary for the Board to perform that function, summarizing, "Percentage of physical limitation is a medical question; percentage of disability is not." See, also, Deby Coal Company v. Caldwell, Ky., 383 S.W.2d 905, and Congleton Brothers, Inc. v. Farmer, et al., Ky., 399 S.W.2d 722, this day decided.

The judgment is reversed and the cause remanded to the Workmen's Compensation Board for proceedings consistent herewith.