Kenneth J. TURNER, Appellant,

v.

INDUSTRIAL ERECTORS, INC., and Kentucky Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

March 4, 1966.

John E. Wise, J. R. Bartholomew, Wise, Runner & Bartholomew, Louisville, for appellant.

James M. Graves, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellees.

WADDILL, Commissioner.

This is an appeal from a judgment affirming an order of the Workmen's Compensation Board which awarded appellant, Kenneth Turner, total temporary disability for 26 months (KRS 342.095) plus 25% permanent disability to the body as a whole (KRS 342.110). Appellant contends that the Board erred as a matter of law in failing to award him compensation provided for total permanent disability (KRS 342.095).

Appellant was employed as a journeyman ironworker by appellee, Industrial Erectors, Inc., when he sustained a work-connected injury to his left leg. While the injured leg was being treated it became infected and required medical attention for a period of 26 months. When he returned to work for appellee he received a greater hourly wage than before he was injured. Appellee's superintendent testified that, since his reemployment, appellant has been assigned to duties which do not require much climbing or heavy lifting. Except for this curtailment and the addition of some supervisory functions, the character of the work he is now performing does not materially differ from that which he was performing before the accident.

The medical testimony shows that two physicians considered appellant totally disabled, while two other physicians testified that he could still perform the same work, including climbing and lifting, although he would have to be more cautious. The latter two physicians each placed his occupational disability at 25%.

Under this evidence there is no sound basis for the contention that the Board erred as a matter of law in fixing the disability at 25% rather than 100%. Unlike the medical testimony in McCown v. Hellier Elkhorn Coal Co., Ky., 399 S.W.2d 719, (decided February 25, 1966), the physicians

who stated that appellant's occupational disability was 25% in the instant case confined their estimates to the lessening of his ability to perform his duties as an ironworker. The opinion of the Board reflects that its finding was made after a careful consideration of the case and this finding is supported by the evidence. Apparently appellant failed to convince the Board that his disability was greater than 25%. We find no reason to reverse the judgment.

The judgment is affirmed.