**KENWOOD ONE-HOUR MARTINIZING, INC., et al., Appellants,**

v.

**Elizabeth HAGER, Workmen's Compensation Board et al., Appellees.**

Court of Appeals of Kentucky.

June 26, 1970.

As Modified on Denial of Rehearing Dec. 4, 1970.

Armer H. Mahan, Davis & Mahan, Louisville, for appellants.

Arthur R. Smith, Jr., Wilton Long, Jr., Louisville, for appellees.

NEIKIRK, Judge.

This is an appeal by the employer from a judgment in a workmen's compensation case, which reversed an award for permanent partial disability and directed the granting of an award for total permanent disability. The claim was filed before the effective date of Osborne v. Johnson, Ky., 432 S.W.2d 800.

Appellee Elizabeth Hager and her husband had worked for a number of years as a team operating dry-cleaning establishments, generally of a quick-service variety, either for themselves or others. Eventually, they began working for appellants, Mr. and Mrs. Leslie Perkins, in Louisville, Kentucky. They opened the Kenwood One-Hour Martinizing establishment, and Mr. Hager became the manager-operator. Subsequently, the Perkinses opened a branch dry-cleaning establishment. It was operated by Elizabeth under the supervision of her husband. This arrangement continued until March 24, 1967. During that time Elizabeth had several employees under her supervision. She worked as a presser, seamstress, and counter girl, and generally performed all tasks incident to the efficient operation of the business.

On March 24, 1967, Elizabeth sustained an injury to her left knee as a result of a slip-and-fall accident during the course of her employment. She was later examined by doctors of her own choice, as well as by Dr. Armand Fischer, who was appointed by the Workmen's Compensation Board. All of the doctors were in agreement that Elizabeth has a Charcot's joint, or a neurological joint, which could be caused by syphilis, arthritis, or diabetes.

Dr. Fischer stated that in his opinion the fall suffered by Elizabeth aroused a pre-existing nondisabling disease. The other doctors stated that the fall could have aroused the nondisabling condition.

After her injury, Elizabeth was fitted with a long metal leg brace of the type which permits the apparatus to be locked rigidly when the wearer stands. She attempted to return to her work, wearing the brace. Shortly thereafter, she was discharged. Since that time her only employment has been that of working for her husband in a dry-cleaning establishment as a tailoress and a seamstress. She has done some work as a presser and as a counter girl, and also has kept records. Because of the condition of her knee and because she has to wear the brace, she cannot perform her duties as a presser or counter girl for any length of time. She experiences little difficulty in doing her work as long as she can be seated.

The Workmen's Compensation Board awarded Elizabeth temporary total disability from March 24, 1967, to and including June 4, 1967, and thereafter permanent partial disability for 400 weeks. Elizabeth appealed the award to the Jefferson Circuit Court, which granted judgment for total disability. Hence, this appeal.

Dr. Fischer found that Elizabeth had a 10% partial permanent disability: 5% from the arousal of the dormant nondisabling disease, and 5% from the injury. The Workmen's Compensation Board found that Elizabeth did sustain a traumatic injury by accident arising out of and in the course of her employment, from the effects of which she sustained "a period of temporary total disability from March 24, 1967 to and including June 4, 1967, and thereafter a 10 percent permanent partial disability to the body as a whole, 5 percent of which is due to the arousal into disabling reality of a pre-existing dormant non-disabling disease condition, a neurological and Charcot joint, and 5 percent thereof due to the injury of March 24, 1967."

■ The Board, in its findings, in effect translated the 10% functional disability into 10% occupational disability. The Jefferson Circuit Court found that the occupational disability was far greater than

10% and, in fact, was total. From all of the evidence, we agree that the occupational disability was greater than 10%, but we do not believe under the circumstances and evidence in this case that the occupational disability was 100%.

■ Percentage of functional limitation is a medical question; percentage of occupational disability is not. Kilgore v. Goose Creek Coal Company, Ky., 392 S.W.2d 78.

[3] In the instant case, the Board erred in translating the 10% permanent partial functional impairment into an award of 10% permanent partial occupational disability. Under the evidence, the finding of occupational disability in a degree no greater than the percentage of physical impairment was erroneous. Ed Hall Drilling Company v. Profitt, Ky., 424 S.W.2d 403; McCown v. Hellier Elkhorn Coal Company, Ky., 399 S.W.2d 719.

Elizabeth's job classification was that of a dry-cleaning employee. After the accident, her job classification did not change as she continued to work, to a limited degree, in a dry-cleaning establishment. Elizabeth can perform much of the same type of work now as she could before the accident, so she is not totally disabled, but certainly her capacity has been reduced more than 10%.

■ It was the duty of the Board to fix the percentage of Elizabeth's occupational disability on the basis of the extent to which her ability to perform the tasks of her occupational classification was impaired by the functional disability found by the doctors. Crib Diaper Service v. Standifer, Ky., 436 S.W.2d 501; Deby Coal Company v. Caldwell, Ky., 383 S.W.2d 905; Young v. Stacy, Ky., 450 S.W.2d 506.

It appears that the Board did not undertake to do its required duty but simply treated functional disability as being identical with occupational disability. The case should be remanded to the Board for a proper determination.

The judgment is reversed with respect to appellee Elizabeth Hager only, the Special Fund having not perfected an appeal, with instructions that the case be remanded to the Workmen's Compensation Board for proceedings consistent with this opinion.

All concur.