COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, et al., Appellants,

v.

Lonnie GAY, Appellee.

Court of Appeals of Kentucky.

July 2, 1971.

Rehearing Denied Dec. 3, 1971.

Carl T. Miller, Dept. of Highways, Frankfort, Kenneth S. Baker, Jackson, for appellants.

Buford Short, Rose & Short, Beattyville, for appellee.

DAVIS, Commissioner.

On November 22, 1967, Lonnie Gay sustained a work-connected injury in the course of his employment by the Department of Highways. Surgery was required to remove a protruding disc at C–6 with fusion being performed at the site. The Board made an award based on its finding of 50% permanent partial disability to the body as a whole, following an uncontested allowance for a period of temporary total disability from the date of his injury to November 11, 1968. Upon Gay's appeal to the circuit court, a judgment was entered reversing the award of the Board and remanding the proceedings to the Board for an entry of a new award for total permanent disability. On this appeal the employer urges that the circuit court erred in substituting its judgment for that of the Board.

The claimant testified concerning the extent of his disability, and medical evidence was presented through three physicians and may be thus summarized:

Dr. David B. Stevens, an orthopedic surgeon, examined Gay on two occasions at the request of his employer. Dr. Stevens testified that he regarded the plaintiff as having a healed, interbody fusion. Dr. Stevens further said: "In any event I feel this patient has only a mild persistent disability, some 15% to the body as a whole. I would feel he could return to his job as light equipment operator at this time." Upon specific questioning, Dr. Stevens testified that he regarded Gay as able to return to the same type work which he had been performing before the accident.

Dr. Ralph Angelucci performed the surgery for removal of a protruding disc at C–6 and fusion at that joint. Dr. Angelucci was of the view that Gay could not go back to heavy manual labor, partly by reason of the injury to his back and because of associated complaints which were not related to the injury. Dr. Angelucci expressed his belief that Gay had a permanent functional disability of 25 to 30% but added that he regarded Gay as totally disabled from returning to the work he had been doing before the accident.

Dr. Carl Noble expressed the opinion that Gay is totally and permanently disabled.

The claimant contends, and the circuit court held, that the Board had no evidentiary basis for making an award of 50% permanent disability. The argument of the appellee is best understood by consideration of this excerpt from his brief:

"We submit that there is in the record substantive evidence upon which an award of 15 per cent permanent partial

**510**

disability *or* an award of total permanent disability could have been based. But there is *no* evidence of any nature in this record upon which to base an award of 50 per cent permanent partial disability."

 The contention of the appellee and the ruling of the circuit court appear to be based upon the erroneous assumption that the Board *must* accept the precise percentage of functional disability expressed by a doctor. In other words, the appellee would have the court say that the Board could have found 15% permanent disability, as expressed by Dr. Stevens, or 100% permanent disability, as expressed by Dr. Noble, and inferentially by Dr. Angelucci, but did not have the prerogative of making an award at a figure between 15% and 100%. The point urged has been decided adversely to appellee's position. See American Radiator and Standard Sanitary Corp. v. Givens, Ky., 383 S.W.2d 690, and Ajax Coal Company v. Stanfill, 314 Ky. 628, 236 S.W.2d 880. The Board is not inexorably bound to be fully persuaded by the specific testimony of any one witness.

It is the prerogative of the Board to determine the extent of occupational disability. Kenwood One-Hour Martinizing, Inc. v. Hager, Ky., 460 S.W.2d 21; Congleton Bros., Inc. v. Farmer, Ky., 399 S.W.2d 722; Deby Coal Company v. Caldwell, Ky., 383 S.W.2d 905; and Kilgore v. Goose Creek Coal Company, Ky., 392 S.W.2d 78. As noted in the Kilgore opinion: "Percentage of physical limitation is a medical question; percentage of disability is not." Id. 392 S.W.2d 80.

The Board may within reason translate medical estimates of functional impairment into smaller or larger percentages of occupational disability, since it is within the Board's province and expertise to evaluate occupational disability upon the basis of the medical evidence of functional impairment, considered in light of the occupational demands. See Ruby Construction

Company v. Curling, Ky., 451 S.W.2d 610, and M. G. Gilbert Corporation v. Russell, Ky., 451 S.W.2d 613.

It follows that the circuit court erred in disturbing the Board's award, since the award was based upon substantial evidence. KRS 342.285(3).

The judgment is reversed with directions to enter a new judgment affirming the Board's award.

All concur.