**DEPARTMENT OF ECONOMIC SECURITY, Commonwealth of Kentucky, Appellant,**

v.

**Elmer SIZEMORE et al., Appellees.**

**John W. YOUNG, Commissioner of Labor of the Commonwealth of Kentucky and Custodian of the Special Fund, Appellant,**

v.

**Elmer SIZEMORE, The Workmen's Compensation Board and Department of Economic Security, Commonwealth of Kentucky, Appellees.**

Court of Appeals of Kentucky.

Oct. 15, 1971.

Robert L. Milby, Hamm, Taylor, Milby & Farmer, London, for appellant Dept. of Economic Security.

Martin Glazer, Dept. of Labor, Frankfort, for appellant John W. Young, Commissioner, etc.

Thomas R. Emerson, Dept. of Labor, Frankfort, for appellant Special Fund.

Neville Smith, Manchester, for appellee Elmer Sizemore.

GARDNER, Commissioner.

Elmer Sizemore received an injury to his back while employed by the Department of Economic Security, Commonwealth of Kentucky, on the Unemployed Fathers' Program. This was in 1966. Following his application for workmen's compensation it was disclosed that his back was previously injured in 1961, so the Special Fund was made a party. The Compensation Board determined that Sizemore is totally and permanently disabled, ascribing 50% of the disability to the injury of 1966 (for which the employer was liable, KRS 342.120(3)), $16\frac{2}{3}\%$ to the arousal of a pre-existing condition into disabling reality (for which the Special Fund was liable, KRS 342.120(4)), and $33\frac{1}{3}\%$ to the pre-existing condition (for which no compensation was payable, KRS 342.120(4)). The circuit court affirmed the Board's award. We affirm.

The Special Fund insists that assuming the Board was correct in deciding $16\frac{2}{3}\%$ of the disability was due to the arousal of the pre-existing condition, the Board

arithmetically erred in determining the amount to be paid by the Special Fund. The Special Fund points out that compensation for the 16⅔% disability ascribed to the arousal of the pre-existing condition would be $6.41 per week instead of the $12.82 per week allowed by the Board and recites the following calculation:

"Average weekly wage ($57.69) times 66⅔% times 16⅔% which equals $6.41."

■ The Special Fund's calculation appears correct but we are of the opinion it has not properly preserved the error. The Special Fund did not take a direct appeal from the Board's order to the circuit court. Only the employer, the Department of Economic Security, appealed. The Special Fund tendered a "Cross-Claim" in the employer's appeal seeking to have the award against it fixed at $6.41 per week instead of $12.82 per week. The pleading was filed more than 20 days after entry of the Board's order. We think the lower court properly dismissed the "Cross-Claim" as being an attempted appeal from the order of the Board after the 20-day period prescribed by KRS 342.-285(1). See Kiser v. Bartley Mining Company, Ky., 397 S.W.2d 56 (1965), wherein this court held that the claimant's counterclaim attempting to assert error in an award of compensation only for partial rather than total disability, not asserted within the 20-day period allowed by the statute, was too late. If the Board erred in calculation, the Special Fund had recourse by direct appeal to the circuit court. It failed to do that. Its right to appeal in no way depended upon whether the employer appealed. This was a controversy only between the Special Fund and the employee. Cf. Department of Economic Security v. Adams, Ky., 450 S.W.2d 819 (1970).

The employer contends the Board was in error in refusing to require the claimant to furnish medical reports, relying on KRS 342.021(2) which provides:

"If the employe should be examined or treated by any doctor of his own choosing the employe shall, immediately following said examination, cause a copy of the report thereof to be furnished to his employer or to the board, if required by either."

In 1965, about a year prior to the injury in the instant case, Sizemore applied for Social Security benefits, claiming total disability as a result of the 1961 injury. The employer moved the Board to require Sizemore to supply it with copies of medical reports including those filed with the Social Security Administration. The Board entered an order, the pertinent part of which is as follows:

"* * * the plaintiff shall furnish to defendant copies of any medical reports available."

Sizemore failed to provide the requested reports and the employer again moved the Board to direct him to furnish the reports and that he be placed on terms on penalty of his having his application dismissed if he failed to comply. Sizemore, by his attorney, filed a response stating that "* * * he does not have copies of reports nor is he even aware of what reports were filed with the Social Security Board at the time an application for Social Security benefits nor does his attorney have such reports. This information is not available from the Social Security Administration and there is no way that this plaintiff knows how to determine just what was filed." Shortly thereafter the Board overruled the employer's motion that it be furnished the medical reports.

■ It is our opinion the Board's action was proper. It is obvious the statute (KRS 342.021(2)) refers to a medical examination made as a result of an injury for which workmen's compensation is sought. The reports, if any, asked for by the employer were made pursuant to an application for Social Security benefits

and as a result of disability occurring prior to the 1966 injury of Sizemore. Furthermore, there is no showing that there were, in fact, medical reports. The transcript of evidence discloses only that on cross-examination Sizemore admitted he made application for Social Security benefits, claiming he was totally disabled from the 1961 injury, and that he was examined by Dr. William K. Massie and Dr. David B. Stevens. Sizemore states that he heard nothing further from his application. We agree with the employer that the results of the examination could be important in the instant proceedings, but we cannot say it was incumbent upon Sizemore to furnish reports he did not possess. The employer had means of obtaining copies of the reports, if they existed, from the medical examiners through usual discovery procedure.

■ The employer contends that the medical evidence was not of sufficient probative value to support the award. We do not agree. The report of Dr. Robert L. Keisler is equivocal and is not responsive to the questions propounded by the Board. The Board sustained Sizemore's objections to the report. The employer did not assign as error the Board's ruling either in a petition for rehearing or in its appeal to the circuit court. This leaves as medical evidence only the testimony of Dr. K. D. Leatherman.

Dr. Leatherman, an orthopedic specialist, testified that it was his opinion the injury of 1966 was permanently disabling and that it aroused a pre-existing condition into disabling reality. Part of his testimony is as follows:

"A. Yes, sir. I would think this, it would be my opinion that this man probably had a 20% disability to his body as a result of his previous back injury and condition that warranted a disco-

gram and offered surgery as a possibility. I feel that this was increased by 10% due to subsequent ligament and soft tissue injury and that the resultant disability then of his back condition which is presently 60% according to my opinion will be on a 20–10–30% basis. Namely 20% on the original, 10% on the aggravation and 30% on the last accident which now brings him into the present state."

The Board determined that Sizemore was totally and permanently disabled from an occupational standpoint, and, in projecting the percentages of Dr. Leatherman, the Board concluded that 50% disability was a result of the injury of 1966, 16⅔% as a result of the arousal of a pre-existing condition into disabling reality, and 33⅓% as a result of the pre-existing condition (noncompensable). Such a projection is authorized by McCown v. Hellier Elkhorn Coal Company, Ky., 399 S.W.2d 719 (1966), and is not specifically questioned by the employer.

■ The employer insists that the history for medical purposes, as given by Sizemore and upon which Dr. Leatherman partly based his opinion, contained self-contradictory statements and the history is contrary to other evidence presented. Therefore, says the employer, the opinion of Dr. Leatherman is not competent and should be excluded. It would prolong this opinion unduly to recite the pertinent evidence. In our opinion the objections go to the weight of the evidence rather than its competency and it appears to us the evidence contains sufficient probative value to place it properly within the area of decision by the Board.

The judgment is affirmed.

All concur.