KENTUCKY CARBON CORPORATION, Appellant,

v.

Floyd DOTSON, James R. Yocom, Commissioner of Labor and Custodian of the Special Fund, and Workmen's Compensation Board of Kentucky, Appellees.

James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Appellant,

v.

Floyd DOTSON, Kentucky Carbon Corporation, and Workmen's Compensation Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

Oct. 20, 1978.

William J. Baird, Pikeville, for Kentucky Carbon Corp.

Kelsey E. Friend, Pikeville, for Floyd Dotson.

John Riehl, Jr., Dept. of Labor, Louisville, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, for James R. Yocom, Commissioner of Labor and Custodian of the Special Fund.

Before COOPER, HAYES and PARK, JJ.

PARK, Judge.

Kentucky Carbon Corporation and the Special Fund appeal from a judgment of the Pike Circuit Court modifying an award by the Workmen's Compensation Board of disability benefits to Floyd Dotson. The board found that Dotson was 30% partially disabled as the result of a work-related injury on May 19, 1975, while in the employ of Kentucky Carbon. This disability was apportioned equally between Kentucky Carbon and the Special Fund on the basis that each was responsible for a 15% partial disability. The circuit court held that Dotson was entitled to an award for the injury of May 19, 1975, based upon "lost wages" equal to 100% of his average weekly wage of $281.20 on the date of the injury. The board's award to Dotson of $52.72 per week was increased to the statutory maximum of $88.00 and divided equally between Kentucky Carbon and the Special Fund.

The judgment of the circuit court was grounded on the decision of this court in *Yocom v. Bentley*, Ky.App., 25 Ky.L. Summ. 1 (January 6, 1978), discretionary review pending. Subsequently, the Supreme Court considered the question of "lost wages" as an element or recovery in *Transport Motor Express, Inc. v.*

*Finn*, Ky., 574 S.W.2d 277, 25 Ky.L.Summ. 12 (1978). The plurality opinion in the *Transport Motor Express* case expressly rejected any construction of the Workmen's Compensation Act which would authorize recovery of lost wages as a separate element. The plurality opinion held that lost wages were to be used only to measure the extent of occupational disability. The effect of the Supreme Court's opinion in the *Transport Motor Express* case was to undermine the decision in *Yocom v. Bentley, supra,* because the *Bentley* case was based upon the original opinion of the Court of Appeals in the *Transport Motor Express* case, 568 S.W.2d 509 (1977), which was expressly reversed by the Supreme Court. Therefore, the judgment of the circuit court must be reversed.

However, a further discussion of the case is required. Dotson claimed that he suffered separate injuries on September 25, 1974, and May 19, 1975. He also filed a claim for the occupational disease of "coal miner's pneumoconiosis and/or silicosis." The board found that Dotson suffered no disability as a result of the injury of September 1974; that the injury of May 1975, resulted in a 30% partial disability, and that he became permanently disabled from occupational disease on September 22, 1975, when he returned to work. A separate award of $69.00 per week for 425 weeks was made to Dotson for the disability from occupational disease, with a provision for a credit to the extent that the two awards overlapped.

Implicit in the judgment of the circuit court was a finding that Dotson was totally disabled from the injury of May 1975 alone. The circuit court could not have concluded that Dotson was entitled to recover for the injury of May 1975 on the basis of lost wages equal to 100% of his average weekly wages unless the circuit court also concluded that the Board erred in its finding that his total disability after September 22, 1975, was attributable to occupational disease. The circuit court necessarily concluded that the board erred in holding that Dotson was only 30% partially disabled by the injury of May 1975.

If Dotson is totally disabled from the injury of May 1975, the judgment of the circuit court is correct without regard to any recovery for lost wages. His average weekly wage was $281.20 per week. Based on five dependents, the statutory factor was 62½%. His benefits for total disability under KRS 342.730(1)(a) would have been limited to the statutory maximum of $88.00 per week under KRS 342.740(1). If totally disabled, Dotson would have been entitled to the statutory maximum without the necessity of awarding "lost wages" as a separate item of recovery.

However, the medical evidence in the record supports the board's award. Drs. Wessinger, Thompson and Wheeler all found that Dotson suffered no permanent disability as a result of the injury of May 1975. Dr. Schram found a 25% functional disability but did not attribute it to the injury of May 1975. Dr. Fischer testified that Dotson had a 30% functional disability as a result of the combined effect of the September 1974 and May 1975 injuries. Only Dr. Roland testified that Dotson had a 30% functional disability attributable to the May 1975 injury alone. It was the prerogative of the board rather than the courts to determine the degree of functional disability on the basis of the conflicting medical testimony and to translate the functional disability into occupational disability. *Commonwealth, Department of Highways v. Gay*, Ky., 472 S.W.2d 508 (1971). The board could find that only part of Dotson's loss of earnings was attributable to the injury of May 1975. The findings of the board being based upon substantial evidence of probative value, they cannot be set aside on appeal. *Holman Enterprise Tobacco Whse. v. Carter*, Ky., 536 S.W.2d 461 (1976); *Volk v. Restaurant Concessionaires, Inc.*, Ky., 476 S.W.2d 195 (1972).

The judgment of the circuit court on both appeals is reversed with directions to enter a new judgment affirming the award of the board.

All concur.