**Vicki NEWBERG, Acting Director of Special Fund, Appellant,**

v.

**THOMAS INDUSTRIES; Billy Bryant; Hon. George Schuhmann, Administrative Law Judge; and Workers' Compensation Board of Kentucky, Appellees.**

No. 91–CA–002261–WC.

Court of Appeals of Kentucky.

May 7, 1993.

Peter J. Naake, Louisville, for appellant, Special Fund.

Marc Wells, Joseph C. Baker, Princeton, for appellee, Billy Bryant.

William P. Swain, Douglas A. U'Sellis, Boehl Stopher Graves & Deindoerfer, Louisville, for appellee, Thomas Industries.

Before LESTER, C.J., and JOHNSON and SCHRODER, JJ.

JOHNSON, Judge.

This is an appeal by the Special Fund from a decision of the Workers' Compensation Board (Board) involving the construction of Kentucky Revised Statutes (KRS) 342.1202 which was enacted by a special session of the Legislature in 1987. The controversy is between the employer/appellee Thomas Industries and the Special Fund. The issue is whether cervical vertabrae (those in the neck) are part of a worker's "back." We hold that they are.

The case arises out of injuries to claimant Billy Bryant's low back and neck occurring on June 23, 1987 and April 1988. The Administrative Law Judge (ALJ) found that the neck injury, which occurred in 1988 (after the October 26, 1987 effective date of KRS 342.1202), resulted in a 10% permanent occupational disability. He apportioned responsibility for this injury 20% to the employer and 80% to the Special Fund.

The Special Fund filed a petition for reconsideration wherein it argued that KRS 342.1202 mandated an apportionment of the neck injury on a 50–50 basis between the employer and the Special Fund. The ALJ reversed his earlier ruling on the apportionment issue upon the grounds that the legislative intent concerning the apportionment of back injuries applied to claimant's injury.

■■■ The Workers' Compensation Board reversed the ALJ, and the Special Fund filed a petition for review with this Court. Since the interpretation to be given a statute is a matter of law, we are not required to show any deference to the decision of the Board. We hold as a matter of law that "back" as used in KRS 342.1202 includes the cervical vertabrae; and we accordingly reverse the Board.

KRS 342.1202 [1] in 1988 provided:

An award for income benefits for total or partial disability under this chapter based, in whole or in part, on a pre-existing disease or pre-existing condition *of the back,* or of the heart shall be apportioned, by the administrative law judge, fifty percent (50%) to the employer and fifty percent (50%) to the special fund. Apportionment required by this section shall not be cause of appeal. (Emphasis added.)

■■■ In interpreting any statute we are mindful of the fundamental rule that we must give effect to the legislative intent. *See Wesley v. Board of Education of Nicholas County,* Ky., 403 S.W.2d 28, 29 (1966). Further, statutes are to be liberally construed to give effect to that intent. KRS 446.080(1). A word that has acquired a peculiar and appropriate meaning in the law shall be construed according to such meaning. KRS 446.080(4); *Revenue Cabinet v. JRS Data Systems, Inc.,* Ky.App., 738 S.W.2d 828, 829 (1987). "It is an elementary rule of construction that words and phrases are used in their technical meaning if they have acquired one, and in their popular meaning if they have not." *Gilbert v. Greene,* 185 Ky. 817, 823, 216 S.W. 105, 108 (1919); *See* KRS 446.080(4). "Where application of the commonly accepted meaning of a word would operate to defeat the purpose of the statute and the intent of the legislature, a departure from the usual meaning of the words in a statute may be deemed proper." *Overnite Transportation Company v. Gaddis,* Ky.App., 793 S.W.2d 129, 131 (1990).

We understand the employer's argument concerning the popular and common distinction between "back" and "neck." However, for the purposes of Chapter 342 the Legislature has specifically provided at KRS 342.730(1)(b) [2] that the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (1977 edition) (*Guides*) is to be used in evaluating workers' disabilities. The *Guides* on page one states: "The *back* is a unit of the whole man. It may be divided into three

1. Effective July 13, 1990, KRS 342.1202 was amended to include the limitation that the income benefits be for permanent total or permanent partial disability. This amendment does not change the analysis of this Opinion.

2. Effective July 13, 1990, KRS 342.730(1)(b) was amended to change "1977 edition" to "latest addition available." This amendment does not change the analysis of this Opinion.

sections: the cervical, dorsal, and lumbar regions. The cervical region has seven vertebrae (C1–C7). The dorsal region has twelve vertebrae (D1–D12). The lumbar region has five vertebrae (L1–L5)." From this definition it is clear that the "back" for the purposes of our Kentucky workers' compensation law is to include the cervical vertabrae.

There is ample support for this holding. The most common pre-existing condition dealt with in back cases is degenerative disc disease, which has little regard for spinal location. Kentucky cases that refer to cervical spine injuries as "back" injuries include: *Commonwealth of Kentucky, Dept. of Highways v. Gay,* Ky., 472 S.W.2d 508, 509 (1971) and *Jonas Miller & Sons v. Risner,* Ky., 407 S.W.2d 125, 126 (1966).

Accordingly, we hold that for the purposes of KRS 342.1202 "back" shall include the cervical vertabrae. The opinion of the Workers' Compensation Board is reversed, and this matter is remanded to the Board for reinstatement of the Administrative Law Judge's opinion and award.

All concur.