COMMONWEALTH of Kentucky, CABINET FOR HUMAN RESOURCES, INTERIM OFFICE OF HEALTH PLANNING AND CERTIFICATION (now the Kentucky Health Policy Board), Appellant,

v.

JEWISH HOSPITAL HEALTHCARE SERVICES, INC., Appellee.

No. 95–CA–2512–MR.

Court of Appeals of Kentucky.

Oct. 25, 1996.

John H. Gray, Frankfort, for appellant.

Joseph L. Ardery, Winston E. Miller, Kathleen M. Haddix, Louisville, for appellee.

Before GARDNER, JOHNSON and SCHRODER, JJ.

SCHRODER, Judge:

This is an appeal from an order of the Franklin Circuit Court reversing a decision of the Interim Office of Health Planning and Certification which ruled that appellee Hospital needed to obtain a Certificate of Need in order to add a sixth cardiac catheterization laboratory. We agree with the lower court's interpretation of KRS 216B.061 and KRS 216B.015(20) as it applies to the facts of this case. Thus, we affirm.

In January of 1994, appellee, Jewish Hospital in Louisville filed an application for a Certificate of Need to add a sixth cardiac catheterization laboratory to its five duly approved cardiac catheterization laboratories already in operation. Jewish Hospital requested nonsubstantive review status under 902 KAR 20:004E section 9(d), which authorizes expedited review under certain circumstances, but was denied by appellant, the Interim Office of Health Planning and Certification (Interim Office).

In December of 1994, Jewish Hospital wrote the Interim Office a letter withdrawing its application for a Certificate of Need. In the letter, the Hospital asserted it was not required to obtain a Certificate of Need for a sixth cardiac catheterization lab according to a recent decision in a similar case in the Franklin Circuit Court interpreting KRS 216B.061(1)(d) and KRS 216B.015(20). The Interim Office thereafter advised Jewish Hospital that it was maintaining its position that a Certificate of Need was required and that its reliance on the other case was misplaced since it was on appeal to the Court of Appeals.

On December 22, 1994, Jewish Hospital wrote the Interim Office informing them that its plans to add the sixth cardiac catheterization lab were going forward and that the lab was expected to open on or about April 30, 1995. The Interim Office then issued a Notice for a Show Cause Hearing and an Order to Appeal. After said hearing, the hearing officer for the Interim Office issued a final decision and order on March 7, 1995 ordering Jewish Hospital to immediately cease and desist any construction or planning associated with the sixth cardiac catheterization lab

unless it obtained a Certificate of Need and further ordered Jewish Hospital to pay $10,000 in fines for willfully violating the provisions of Chapter 216B. The Hospital then appealed to the Franklin Circuit Court which reversed the order of the Interim Office. This appeal by the Interim Office followed.

KRS 216B.061(1) sets out the circumstances when a Certificate of Need is required:

(1) Unless otherwise provided in this chapter, no person shall do any of the following without first obtaining a certificate of need:

(a) Establish a health facility;

(b) Obligate a capital expenditure which exceeds the capital expenditure minimum;

(c) Make a substantial change in the bed capacity of a health facility;

(d) Make a substantial change in a health service;

(e) Make a substantial change in a project;

(f) Acquire major medical equipment;

(g) Alter a geographical area or alter a specific location which has been designated on a certificate of need or license;

(h) Transfer an approved certificate of need for the establishment of a new health facility or the replacement of a licensed facility.

As it relates to the present case, KRS 216B.015(20)(a) defines a "substantial change in a health service" as follows:

[T]he addition of a health service for which there are review criteria and standards in the state health plan; ...

■■■ The sole issue before us is whether the lower court erred in concluding that the addition of a sixth cardiac catheterization lab does not constitute "the addition of a health service." As to questions of fact or the exercise of discretion by an administrative agency, judicial review is limited to whether the agency's decision was supported by substantial evidence or whether the decision was arbitrary or unreasonable. *Carter v. Craig*, Ky.App., 574 S.W.2d 352 (1978). However, statutory construction is a matter of law for the courts, and a reviewing court is not bound by an administrative body's interpretation of a statute. *Delta Air Lines, Inc. v. Commonwealth Revenue Cabinet*, Ky., 689 S.W.2d 14 (1985). Contrary to appellant's position, the issue in the present case is clearly one of law.

■■■ KRS 446.080(4) requires this Court to give statutory language its plain, ordinary meaning. *See ITT Commercial Finance Corp. v. Madisonville Recapping Co., Inc.*, Ky.App., 793 S.W.2d 849 (1990). The cardinal rule of statutory construction is that the intention of the legislature should be ascertained and given effect. *Fiscal Court Com'rs of Jefferson County v. Jefferson County Judge/Executive*, Ky.App., 614 S.W.2d 954 (1981); *Newberg v. Thomas Industries*, Ky.App., 852 S.W.2d 339 (1993). In our view, the addition of a health service necessarily connotes that the health service be one which is new to the facility. If the legislature meant to require Certificates of Need for additional services which are already in existence, the language of KRS 216B.015(20)(a) would have read, "the addition *to* a health service ..."

In the instant case, Jewish Hospital is merely increasing the quantity of cardiac catheterization labs and, to our knowledge, is not adding to, or even changing, the scope of services it already provides. Accordingly, the lower court did not err in concluding that Jewish Hospital did not "make a substantial change in a health service" within the meaning of KRS 216B.061(1) and KRS 216B.015(20).

We finally address appellant's argument that a prior statute (KRS 216B.020(1)) which expired on December 30, 1991, and exempted cardiac catheterization units from the Certificate of Need requirement, showed the legislature's intent to now require a Certificate of Need for any cardiac catheterization unit which a hospital seeks to add. We are unpersuaded by this argument. The statutory exemptions in KRS 216B.020 apply only if a Certificate of Need is required by KRS 216B.061. However, if, as in the case at bar, a hospital is not required to obtain a Certifi-

cate of Need under KRS 216B.061, it is irrelevant to consider whether an exemption is available to it under KRS 216B.020. There is no doubt that under the present statutory scheme of KRS 216B, a hospital which seeks to newly begin operating a cardiac catheterization lab would be required to obtain a Certificate of Need. That is not the case here.

For the reasons stated above, the judgment of the Franklin Circuit Court is affirmed.

All concur.