**Wanda WHITE, Appellant**

v.

**GREAT CLIPS; Hon. Marcel Smith, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2007–CA–001855–WC.

Court of Appeals of Kentucky.

July 18, 2008.

McKinnley Morgan, London, KY, for appellant.

W. Barry Lewis, Hazard, KY, for appellee.

Before TAYLOR and THOMPSON, Judges; BUCKINGHAM,[1] Senior Judge.

## OPINION

THOMPSON, Judge.

Wanda White appeals an opinion of the Workers' Compensation Board (Board) entered August 17, 2007, reversing a decision of the Administrative Law Judge (ALJ) awarding her future medical benefits. For the reasons stated herein, we affirm in part, vacate in part and remand.

On May 11, 2003, while employed by Great Clips, White injured her lower back when she lifted chairs to vacuum underneath them. She immediately left work and sought medical attention the following day from Dr. Robert Hoskins, her primary care physician. Following her injury, White continued her employment until February 21, 2005, at which time she stated she could no longer work due to her back pain.

Dr. Hoskins' records indicate that he treated her prior to her injury for lower back pain. According to his notes, he saw her on May 7, 2003, for a bulging disc with spinal stenosis and degenerative disc disease of the lumbar spine. White contends that she only saw Dr. Hoskins for a sinus problem prior to her injury and that the date in his notes was incorrect.

White contends that she saw Dr. Hoskins on May 12, 2003, when he ordered lumbar x-rays to aid in the diagnosis of her condition and referred her to Dr. Richard Lingreen. After looking at an MRI, Dr.

1. Senior Judge David C. Buckingham sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statute (KRS) 21.580.

Lingreen diagnosed her as having lumbar degenerative disc disease, lumbar sciatica, lumbar sprain/strain syndrome, and thoracic pain.

On May 25, 2005, Dr. Bart Goldman performed an independent medical evaluation on White and opined that she had suffered a lower back strain as a result of her work-related injury. White's x-rays demonstrated that she had "mild to moderate" degenerative joint disease of the lumbar spine, and her MRI displayed mild disc bulging without acute injury. He concluded that her complaints regarding her lumbar spine were unsupported by objective medical evidence, assessed a 0% permanent partial impairment rating, and opined that she could return to work.

On June 13, 2005, Dr. Robert Johnson performed an independent medical evaluation on White and opined that she suffered from degenerative disc disease at L4–5, cervical pain at C5–6 and C6–7, and was genuine in her complaints of pain. He assessed a 14% whole body impairment which was equally divided between the lumbar and cervical spine. Due to White's physical limitations, Dr. Johnson opined that she could not return to work in the same capacity as before but could do non-standing, light-duty assignments.

On June 15, 2005, Dr. Kenneth Graulich performed an independent medical evaluation on White and opined that she had suffered from a musculoligamentous sprain of the lumbar spine superimposed on mild degenerative arthritis. After assessing a 0% percent impairment, he opined that her condition showed only symptom magnification and that any future pain would be associated with her underlying degenerative arthritis. Without any restrictions, he opined that she could return to work as a hairdresser.

After filing her claim and following a benefit review conference, the ALJ found the following:

In the present case, I am persuaded by the medical evidence, including the records of Dr. Lingreen and plaintiff's testimony that she suffered an injury. I am persuaded by the opinions of Dr. Goldman and Dr. Graulich that the injury resulted in no permanent impairment. Plaintiff has no permanent impairment for which to make an award of benefits. KRS 342.730. Therefore, her claim must be dismissed.

Following White's petition for reconsideration, the ALJ amended the original opinion and order to include future medical benefits for White's injuries to her back, neck, and shoulders. Reversing the ALJ, the Board found that White's injury constituted a "temporary flare-up" of a pre-existing ailment to her spine due to a degenerative disease and prior injuries to her spine and denied her award of future medical benefits. This appeal followed.

White contends that the Board incorrectly reversed the ALJ when it denied her future medical benefits for the treatment associated with her work-related injury to her back. Specifically, White contends that the Board impermissibly substituted its judgment for that of the ALJ when it found that she only suffered a "temporary flare-up of symptoms" following her work-related back injury.

On appellate review of an ALJ's findings of fact, we are required to provide these findings considerable deference and cannot set them aside unless the evidence compels a contrary finding. *Mosely v. Ford Motor Co.*, 968 S.W.2d 675, 678 (Ky. App.1998). We review the ALJ's and the Board's application of law to the facts *de novo*. Further, in workers' compensation cases, an appellate court provides no deference to the Board's and ALJ's application of the law to the facts. *Newberg v. Thomas Industries*, 852 S.W.2d 339, 340 (Ky.App.1993).

We first observe that "if work-related trauma causes nonwork-related degenerative changes to be aroused into disability and to result in an impairment, that harmful change is compensable." *Bright v. American Greetings Corp.*, 62 S.W.3d 381, 384 (Ky.2001). Moreover, regardless of whether an injury or impairment meets the threshold of receiving a permanent impairment rating, a permanent disability rating, or eligibility for permanent income benefits, KRS 342.020(1) permits claimants to be awarded future medical benefits "for so long as the employee is disabled regardless of the duration of the employee's income benefits." *FEI Installation, Inc. v. Williams*, 214 S.W.3d 313, 318 (Ky.2007).

Disability exists for the purposes of awarding future medical benefits for so long as a work-related injury causes impairment. *Id.* at 318–319. "The Fifth Edition of the *Guides*, page 2, defines impairment as being 'a loss, loss of use, or derangement of any body part, organ system, or organ function.' Viewed in terms of KRS 342.0011(1), impairment demonstrates that a harmful change in the human organism has occurred." *Id.* at 318.

Finally, under KRS 342.0011(1), an "injury" is a work-related traumatic event arising out of and in the course of employment which is the proximate cause of a harmful change in the human organism as demonstrated by objective medical evidence. Thus, an "injury," as defined in KRS 342.0011(1), is an impairment.

In *Finley v. DBM Technologies*, 217 S.W.3d 261, 265 (Ky.App.2007), the Court wrote:

A pre-existing condition may be either temporarily or permanently aroused. If the pre-existing condition completely reverts to its pre-injury dormant state, the arousal is considered temporary. If the pre-existing condition does not completely revert to its pre-injury dormant state, the arousal is considered permanent, rather than temporary.

In this case, the ALJ found that White suffered an injury (impairment) that was not compensable but entitled her to future medical benefits. However, the ALJ failed to make specific findings regarding why White's spinal injury merited an award of future medical benefits. This is an essential finding because intelligent appellate review cannot be conducted without this necessary finding. *Shields v. Pittsburgh and Midway Coal Min. Co.*, 634 S.W.2d 440, 444 (Ky.App.1982).

Accordingly, we conclude that the ALJ failed to make essential findings of fact in this case as stated above in regards to the nature of White's injury. Further, "[a]s a reviewing body, neither we nor the Board should attempt to supplant such a finding of fact." *Finley*, 217 S.W.3d at 266. Thus, we are compelled to vacate and remand for additional findings of fact.

Finally, we note that the ALJ's amended opinion and order provided future medical benefits for White's injuries to her back, neck, and shoulders. The Board properly held that White's claim for injuries to her neck and shoulders was dismissed prior to the ALJ's original opinion and order, and, therefore, it was error for the ALJ to award future medical benefits for her neck and shoulder injuries.

To the extent that the Board reversed the ALJ's award of future medical benefits for White's neck and shoulder injuries, it is affirmed. To the extent that the Board's opinion denied White future medical benefits for her back injury, it is vacated and this case remanded to the ALJ for proceedings consistent with this opinion.

ALL CONCUR.